```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


COASTAL DRILLING COMPANY,                CIVIL ACTION
LLC


VERSUS                                   NO: 05-4007


SHINN ENTERPRISES INC.                   SECTION: "J" (2)
```

### ORDER AND REASONS

Before the Court is defendant's **Motion For Stay of Proceedings** (Rec. Doc. 2). The motion is opposed. Having considered the motion, legal memoranda of counsel, and the applicable law, the Court finds for the following reasons that defendant's motion should be DENIED.

### BACKGROUND

Plaintiff filed a State Court Petition seeking to recover payment allegedly due under a drilling contract entered into by plaintiff, defendant, and a third party, Watson Energy, LLC. Before the suit was filed, Watson Energy had filed for

1

bankruptcy, so it was not named as a defendant in plaintiff's State Court Petition and is not a party to this suit. However, plaintiff is recognized as a lien holder in a Bankruptcy Court order requiring Watson Energy to drill an oil and gas well and to dedicate a certain portion of any proceeds from the well to lien claims such as plaintiff's. Defendant removed the suit to federal court on August 19, 2005, and filed the instant Motion for a Stay of Proceeding on August 26, 2005.

## DISCUSSION

Defendant asks this Court to exercise its discretion and stay the proceedings to promote judicial and practical efficiency. Defendant argues that because Watson Energy is an obligated party to the contract upon which plaintiff sues and is required by the Bankruptcy Court order to pay plaintiff a percentage of the proceeds derived from an oil and gas well to satisfy the debt, plaintiff is protected. Defendant argues that a temporary stay to allow the well to be drilled and tested may moot the current suit against defendant, thus saving the resources of defendant and the Court.

Plaintiff counters that because it has a right to proceed directly against defendant as a joint and solidary obligor of a

2

sum-certain debt, it should not be forced to endure an indeterminate delay based on nothing more than a third party's speculative oil and gas exploration.

Defendant is correct to assert that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). However, this power is tempered by the "virtually unflagging obligation" of the Court to exercise its jurisdiction. *Black Sea Investment, Ltd. v. United Heritage Corp.,* 204 F.3d 647, 650 (5th Cir. 2000). In light of this obligation, "the moving party bears a heavy burden to show why a stay should be granted." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.,* 761 F.2d 198, 203 n.6 (5th Cir. 1985).

The Court finds that defendant has failed to meet its heavy burden. Watson Energy may or may not be able to satisfy at some time in the future any debts owed to plaintiff. Defendant has presented no compelling reason why plaintiff should be forced to wait for that eventuality. Plaintiff's invocation of the jurisdiction of this Court should not lightly be delayed. The possibility of future payment by a third party is insufficient justification to stay plaintiff's timely suit. Therefore, the

Court declines to exercise its discretion to issue a stay.

Accordingly,

**IT IS ORDERED** that defendant's **Motion For Stay of Proceedings** (Rec. Doc. 2) is **DENIED**.

New Orleans, Louisiana this the 29th day of November, 2005.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE