UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COASTAL DRILLING COMPANY,                CIVIL ACTION
LLC

VERSUS                                   NO: 05-4007

SHINN ENTERPRISES, INC.                  SECTION: J

**ORDER**

Before the Court is Third-Party Plaintiff Shinn Enterprises, Inc.'s ("Shinn") **Motion for Entry of Default Judgment (Rec. Doc. 86)**, set for hearing on May, 14, 2008 on the briefs.  Also before the Court is Third Party Defendants Camden Holdings, Inc., Summit Oil and Gas, Inc., and Mark R. Anderson's (the "Camden Defendants") **Motion to Set Aside Default (Rec. Doc. 90)**, set for hearing on May 28, 2008 on the briefs, along with the Camden Defendants' **Ex Parte Motion for Expedited Hearing on Third-Party Defendants' Motion to Set Aside Default (Rec. Doc. 91).** Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that the Camden Defendants' motion to set aside default should be granted and that Shinn's motion should be denied.

This Court granted Shinn's Motion for Entry of Default (Rec. Doc. 77) on March 28, 2008.  Shinn now moves for entry of default judgment against the Camden Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and the Local Rules of this

Court.

The Camden Defendants respond with their own Motion to Set Aside Default, stating that it has always been their intent to file and follow through on their responsive pleadings, and that their failure to do so was a result of the professional and personal shortcomings of their California counsel who failed to associate or retain counsel admitted to the Bar of this Court. The Camden Defendants have since retained local counsel to represent their interests in this matter and indicate that they are prepared to immediately file their responsive pleadings.

As a result, this Court finds that good cause exists under Rule 55(c) of the Federal Rules of Civil Procedure to set aside the entry of default against the Camden Defendants. This result accords with the Fifth Circuit's policy that favors resolving cases on their merits as opposed to the use of default judgments. See Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999).  Accordingly,

**IT IS ORDERED** that Shinn's **Motion for Entry of Default Judgment (Rec. Doc. 86)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Camden Defendants' **Motion to Set Aside Default (Rec. Doc. 90)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Camden Defendants' **Ex Parte Motion for Expedited Hearing on Third-Party Defendants' Motion to Set Aside Default (Rec. Doc. 91)** is hereby **GRANTED.**

New Orleans, Louisiana this 20th day of May, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE