UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COASTAL DRILLING COMPANY,                        CIVIL ACTION
L.L.C.

VERSUS                                           NO: 05-4007

SHINN ENTERPRISES, INC.                          SECTION: J(2)

**ORDER AND REASONS**

Before the Court is Plaintiff Coastal Drilling Company's ("Coastal") **Motion for Reconsideration (Rec. Doc. 78)** and Defendant Shinn Enterprises, Inc.'s ("Shinn") **Motion for Partial Summary Judgment (Rec. Doc. 82)**. These motions, which are opposed, are set for hearing on May 28, 2008 with oral argument. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that both motions should be denied.

**Background Facts**

Coastal allegedly entered into a drilling contract with Watson Energy and with Shinn Enterprises ("Shinn") on September 10, 2004.[1]  Watson Energy held the lease that enabled the

---

[1] Watson signed the contract as "Operator" and Coastal as "Contractor."

drilling of the well.  Coastal performed services and incurred expenses under the contract in October, November, and December of 2004 to prepare for the "spudding" of the well.  Coastal wrote twice to inquire as to the status of the well and asking when it was to be paid for the work it had done.  Coastal also twice sent invoices to Shinn detailing the amounts owed.  Shinn never paid the invoices.

On July 20, 2005 Coastal filed suit against Shinn for damages resulting from Shinn's alleged breach of contract.[2] Plaintiff filed an amended complaint against Shinn asserting claims in the alternative for Early Termination Compensation as set forth the in the Drilling Contract, and/or recovery for performance actually rendered, and/or for unjust enrichment, and/or for damages in *quantum meruit*.

Shinn filed an answer along with a third party complaint in February of 2006 against Jack Capella, who allegedly executed the Drilling Contract at issue without the authority and/or capacity to bind Shinn.  Shinn therefore alleges that the Drilling Contract is unenforceable as to it.  Shinn seeks full indemnity and/or contribution against Capella, as well as damages for Capella's breach of fiduciary duty to Shinn.

Shinn subsequently added additional third-party defendants,

---

[2]  To date, a balance of $1,581,385.13, along with interest and attorneys' fees, remains unpaid under the Drilling Contract.

including Mark R. Anderson, Camden Holdings, Inc., and Summit Oil and Gas, Inc. (collectively, the "Third-Party Defendants"),[3] arguing that they agreed to be bound to the Drilling Contract on November 12, 2004, and by doing so, are liable for the entirety of the amounts allegedly owed to Coastal arising on and after November 12, 2004.

Presently before the Court are two motions.  First is Coastal's motion for reconsideration of this Court's denial of Coastal's motion for partial summary judgment.  In its original motion, Coastal sought a declaration that Shinn is bound to the Drilling Contract, arguing that there exist no genuine issues of material fact regarding Capella's status as an agent of Shinn with the actual and/or apparent authority to bind Shinn in its contract with Coastal.  This Court found that genuine issues of material fact did exist, both with respect to apparent and actual authority.

Second is Shinn's motion for partial summary judgment.  In this motion, Shinn seeks an award of partial summary judgment finding that Shinn is not obligated to Coastal for any amounts owed on the Drilling Contract after November 12, 2004, the date that the Third-Party Defendants allegedly agreed to assume all obligations under the Drilling Contract.

---

[3] For purposes of this memo, the phrase "Third-Party Defendants" does not include Capella.

3

**Discussion**

**A.   Coastal's Motion for Reconsideration**

Coastal seeks reconsideration under Federal Rules of Civil Procedure 59(e) of this Court's Order entered March 31, 2008 denying Coastal's motion for partial summary judgment (Rec. Doc. 76). This Court found that genuine issues of material fact existed with respect to Capella's apparent and actual authority to bind Shinn to the Drilling Contract, thus, precluding summary judgment as to this issue. In its motion, as pointed out in Shinn's opposition, Coastal merely re-asserts its argument that no genuine issue of material fact exists sufficient to preclude summary judgment and states that reconsideration is necessary to "prevent manifest injustice."

A district court has considerable discretion to grant or deny a motion for reconsideration. Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007). However, a court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. Id.

To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." Kelly, 2007 WL 3275200. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory."

Simon v. United States of America, 891 F.2d 1154, 1159 (5th Cir. 1990)(internal quotations omitted).

Because Coastal has failed to present any evidence that was not available to it at the time of the hearing on its initial motion for partial summary judgment, and has similarly failed to establish a manifest error of law, its motion for reconsideration must be denied.  Coastal argues that reconsideration is necessary to "prevent manifest injustice"; however, no such injustice exists.  This Court's denial of Coastal's motion does not preclude a determination at a later time that Capella may have possessed agency authority, and/or that Shinn is bound to the Drilling Contract.  There simply remain disputed facts as to this the issue precluding such a determination at this time.

**B.   Shinn's Motion for Partial Summary Judgment**

In its motion, Shinn argues that Third-Party Defendants, by stepping into Shinn's shoes, agreed to be bound by the terms of the Drilling Contract.[4]  Shinn points to a letter purportedly evidencing this agreement, as well as to deposition testimony by Capella, who testified that it was his understanding that Mr. Anderson agreed to take over the obligations under the Drilling Contract; and by Coastal's President, Mr. McClanahan, who

---

[4] For purposes of this motion only, Shinn assumes that it was bound to the Drilling Contract prior to November 12, 2004, when its obligations under the contract were allegedly transferred to the Third-Party Defendants.

5

believed that the Third-Party Defendants agreed to assume the obligations of the Drilling Contract.

Shinn also argues that the Third-Party Defendants themselves have admitted that they agreed to be bound as well by failing to respond to Shinn's Third-Party Complaint, resulting in a default being entered against them,[5] and that Shinn is entitled to rely upon the Third-Party Defendants' assumption of the obligation.

In opposition, Coastal argues that pursuant to the terms of the Drilling Contract, no "assignment" of Shinn's obligations under the Drilling Contract to the Third-Party Defendants took place.  Coastal states that Shinn's motion incorrectly assumes that if the Third-Party Defendants did agree to "join" in the Drilling Contract, then: (1) the Drilling Contract allows such an assignment in the circumstances Shinn describes; (2) that such an assignment was made in accordance with the Drilling Contract's terms; (3) that the alleged joinder of the Third-Party Defendants to the Drilling Contract extinguished Shinn's obligations to Coastal under the Drilling Contract; and (4) that the Drilling Contract permits such extinguishment of Shinn's obligations.  According to Coastal, each assumption is erroneous.

In support, Coastal cites to a clause contained in the

---

[5] See <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

6

Drilling Contract which provides as follows:

> **ASSIGNMENT:**
>
> Neither party may assign this Contract without the prior written consent of the other, and prompt notice of any such intent to assign shall be given to the other party.  In the event of such assignment, the assigning party shall remain liable to the other party as a guarantor of the performance by the assignee of the terms of this Contract . . . .

Therefore, according to Coastal, before any such assignment can occur, notice must be given to the other party, and written consent must be given in return.  No such notice or written consent was transmitted to or received from Coastal.  Furthermore, Coastal argues that even if such an assignment had taken place, Shinn would remain liable to Coastal as a guarantor of the performance of the Drilling Contract, meaning that Shinn would remain liable for the full amount owed to Coastal for contractual services performed.

Considering the axiom that federal courts, both sitting in admiralty and when interpreting a contract under Louisiana law, must interpret a contract so as to "give meaning to all of its terms--presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous," the Drilling Contract is clear that any notice or consent to assignment of Shinn's obligations must be clear and in writing, and that even after such an assignment takes place, Shinn shall remain liable

7

to Coastal as guarantor of the assignee's performance.  <u>Foster Wheeler Energy Corp. v. An Ning Jiang MV</u>, 383 F.3d 349, 354 (5th Cir. 2004).  Furthermore, since the filing of Shinn's motion, the default entered against the Third-Party Defendants has been set aside, meaning that the Third-Party Defendants have not admitted that they agreed to be bound to the Drilling Contract.  As such, there remains a genuine issue of material fact precluding summary judgment at this time.  Accordingly,

**IT IS ORDERED** that Coastal's **Motion for Reconsideration (Rec. Doc. 78)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Shinn's **Motion for Partial Summary Judgment (Rec. Doc. 82)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that oral argument on both motions, set for May 28, 2008, is hereby **CANCELLED.**

New Orleans, Louisiana, this 22nd day of May, 2008.

CARL J. BARBIER  
UNITED STATES DISTRICT JUDGE