```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


COASTAL DRILLING COMPANY,              CIVIL ACTION
L.L.C.

VERSUS                                 NO: 05-4007

SHINN ENTERPRISES, INC.                SECTION: J(2)
```

**ORDER**

Before the Court is Third-Party Defendants Camden Holdings, Inc., Summit Oil and Gas, Inc., and Mark R. Anderson's ("Third-Party Defendants") **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 100)**.  This motion, which is opposed, is set for hearing on June 11, 2008 with oral argument.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that the Third-Party Defendants' motion should be denied.

Personal jurisdiction over a nonresident defendant is established where: (1) the forum state's long arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.  Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999).  As Louisiana's long arm statute extends personal jurisdiction on any basis consistent with the Constitution, the Court need only consider the limitations of the Due Process

Clause.  See La. Rev. Stat. Ann. § 13:3201(B).  The exercise of personal jurisdiction over a nonresident defendant satisfies due process when the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945).

Third-Party Defendants argue that because Camden Holdings and Summit Oil and Gas, organized under the law of Nevada and with their principal places of business in California, and Mark Anderson, an individual domiciled in California, did not have sufficient contacts with Louisiana,[1] subjecting them to jurisdiction in Louisiana would not comport with "traditional notions of fair play and substantial justice."  See Int'l Shoe, 326 U.S. at 315.

Third-Party Plaintiff, Shinn Enterprises, Inc. ("Shinn"), argues that personal jurisdiction over the Third-Party Defendants is proper as sufficient "minimum contacts" with the State of Louisiana exist consistent with Due Process considerations.[2]

---

[1] In fact, Third-Party Defendants argue that they have "absolutely no contacts with the State of Louisiana."

[2] Shinn points to numerous communications between Mark Anderson, on behalf of Summit Oil and Gas and/or Coastal reflecting an alleged agreement to join in the Drilling Contract around which the entirety of this litigation centers.  Shinn argues that such an agreement to be bound demonstrates a deliberate act on the part of the Third-Party Defendants by which they purposefully availed themselves of the privilege of conducting activities within the State of Louisiana.  See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Resolving the conflicts between the facts in Third-Party Plaintiff's favor,[3] Shinn has established a prima facie case for personal jurisdiction. Accordingly,

**IT IS ORDERED** that Third-Party Defendants' **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 100)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that oral argument in this matter currently scheduled for June 11, 2008 is hereby **CANCELLED.**

New Orleans, Louisiana this 5th day of June, 2008.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3] On a motion to dismiss for lack of personal jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. Brown v. Flowers Indus., Inc., 688 F.3d 328, 332 (5th Cir. 1982).