MINUTE ENTRY
BARBIER, J.
April 16, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COASTAL DRILLING COMPANY,                     CIVIL ACTION
L.L.C.

VERSUS                                        NO: 05-4007

SHINN ENTERPRISES, INC.                       SECTION: "J"(2)


     The Court held a pretrial conference this date with the

following counsel participating: John Y. Pearce and Ryan McCabe

representing the Plaintiff Coastal Drilling Company, L.L.C.; Carl

D. Rosenblum, Emily Eagan, and Andrew J. Quackenbos, representing

Defendant Shinn Enterprises, Inc.; Thomas McEachin and Kyle

Schonekas representing Third-Party Defendant and Third-Party

Plaintiff Jack Capella; David Daly representing Third-Party

Defendant Continental Casualty Company; and Seth Bloom on behalf

of Third-Party Defendants Camden Holdings, Inc., Summit Oil and

Gas, Inc., and Mark Anderson (collectively "the Camden

Defendants").

     At the conference, the Court **ORDERED** as follows:

     (1) Defendant/Third-Party Plaintiff Shinn Enterprises,

Inc.'s ("SEI") **Motion for Summary Judgment** (Rec. Doc. 161),

seeking an order dismissing the claims of Coastal Drilling

Company ("Coastal") against SEI based on the alleged invalidity

of the contract on which Coastal's claims are based, is hereby

**DENIED** for the reasons stated on the record at the pre-trial

conference.

(2) Third-Party Defendant Continental Casualty Company's

("Continental") **Motion for Summary Judgment** (Rec. Doc. 166),

which seeks an order dismissing the third-party complaint of its

insured, Third-Party Defendant and Third-Party Plaintiff Jack

Capella ("Capella"), based on certain exclusions in a policy of a

Legal Professional Responsibility Insurance, is hereby **DENIED** for

the reasons stated on the record at the pre-trial conference.

(3) The third-party claims of Shinn Enterprises, Inc.

against Jack Capella, anc Capella's third-party claims against

Continental Casualty Company, are hereby **SEVERED** from the from

the trial of the principal claims in this action by Coastal

Drilling, L.L.C. against Shinn Enterprise, Inc.

(4) The Camden Defendants and Coastal Drilling, L.L.C. shall

file briefs on the issue of whether Shinn's third-party complaint

against the Camden Defendants should be severed from the trial of

the principal action in this matter by **Thursday, April 23, 2009**

**at 5:00 p.m.** Shinn Enterprises shall file any brief in response

by **Thursday, April 30, 2009 at 5:00 p.m.**, at which time the Court

will take the severance issue under advisement.

(5) Counsel for the Camden Defendants shall advise all

parties by **Friday, April 17, 2009 at 5:00 p.m.** regarding whether

the Camden Defendants will withdraw their jury demand in this matter. Thereafter, Shinn Enterprises, Inc. and Coastal Drilling, L.L.C. shall inform the Court by letter whether they intend to request a jury trial in this matter by **Tuesday, April 21, 2009.**

(6) In light of the Court's orders issued above, Shinn Enterprises, Inc., Coastal Drilling, L.L.C., and the Camden Defendants shall submit a revised Pre-Trial Order and exchange revised witness and exhibit lists by **Tuesday, April 28, 2009 at 5:00 p.m.**

(7) Counsel for the Camden Defendants shall submit a written response to Shinn Enterprises, Inc.'s **Motion to Strike, Motion for Entry of Default as to Mark Anderson, Camden Holdings, Inc., Summit Oil & Gas, Inc., Motion for Sanctions (Rec. Doc. 208)** by **Tuesday, April 28, 2009 at 5:00 p.m.**, at which time the Court will take the motion under advisement.

(8) By **Monday, May 11, 2009 at noon**, counsel for Coastal Drilling, L.L.C. is to prepare and submit to the Court the **original and eleven copies**[*] of a single **Bench Book** which should contain:

> (a) An Index of <u>all</u> "un-objected to"

---

[*] If counsel will be making other arrangements for publishing exhibits to the jury such as overhead projector, ELMO, etc., an original and three copies are sufficient.

exhibits listing and numbering all exhibits
sequentially and without reference to the
offering party;

(b)  All un-objected to exhibits are to be
included in the single Bench Book (if
feasible) with each exhibit each exhibit
**tabbed, numbered, and paginated**.  Photographs
of large exhibits and posters are to be
included in the benchbooks.  While oversized
exhibits and posters may be used during
trial, they will not be kept by the Case
Manager.

(c)  A second volume, containing the
"objected to" exhibits shall also be filed.
Separate, but brief memoranda stating the
reason for the objections and responding to
the objections of other counsel must be
submitted to the court by the offering party
by **Monday, May 11, 2009 at noon**; counsel
should bring sufficient copies of any
"objected to" exhibits on the day of trial
to insert into the "un-objected to" books if
they are admitted by the Court over the
objections.

(d)  Any discovery that will be used as an

Exhibit must be specifically identified; for

example, the exact Interrogatory and the

corresponding Answer.

(e) Each page of the Joint Bench Book should be

individually and sequentially Bates labeled.

(9)  By **Monday, May 11, 2009 at noon**, the parties are to

submit the entire transcript of <u>any</u> deposition (including video

and audio depositions) which will be used in lieu of live

testimony at Trial.  If the parties do not seek to introduce the

entire deposition, they should designate which portions they seek

to introduce in a letter to the Court.  All colloquy and

objections (which can be resolved among the parties) are to be

removed in the transcripts, video, and audio (if applicable).

Any objections which cannot be worked out by the parties must be

highlighted in the subject transcript and brief memoranda

addressing "why the objections should be sustained or not" must

also be submitted to the court by **Monday, May 11, 2009 at noon**.

After the court rules on the objections, the parties are to have

the video and audio depositions (if any) edited accordingly so

that any references to "objections" are deleted, and there is no

dead space in either the video or audio presentation to the jury.

(10) By **Monday, May 11, 2009 at noon**, the parties are to

file into the record and submit to the court their proposed Jury

Charges (which are unique to this case) and Special Interrogatories to the Jury (verdict form), in hardcopy and on CD-ROM saved in WordPerfect 10.0 format or a prior release, regarding the claims that are to be tried to a jury.

(11) By **Monday, May 11, 2009 at noon**, the parties are to submit any motions in limine.

(12) By **Monday, May 11, 2009 at noon**, the parties are to submit any trial memoranda, which are strictly optional.

(13) By **Monday, May 11, 2009 at noon**, the parties are to exchange "will call" witness lists so that arrangements may be made for their presence at trial.

(14) At the commencement of trial, counsel will provide the court with three copies of the final witness list.

(15) The Case Manager is to be notified three working days prior to trial of any equipment that will be needed by counsel during trial, or if more than two tables will be needed to seat counsel.

(16)  Trial will commence at **8:30 a.m. on Monday, May 18, 2009** and is estimated to last three days.

* * * * * * * * *

JS-10: 55 mins.